**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JOHN C. RAGAS**                                                                 **CIVIL ACTION**

**VERSUS**                                                                              **NO. 99-2684**

**SOCIAL SECURITY ADMINISTRATION**                          **SECTION: "K"(4)**


**MEMORANDUM AND ORDER**

Before the Court is Petitioner John C. Ragas' Objections (Rec. Doc. 46) ("Objections")

to the Magistrate Judge Karen Wells Roby's Report and Recommendations (Rec. Doc. 45)

("Mag. Report"). The Court has reviewed the pleadings, the relevant law, and the record

provided to it, and it is prepared to rule.


**I. ANALYSIS**

The factual background is set forth amply by in the magistrate judge's report and

recommendation, and this Court incorporates it as such. This Court reviews the magistrate

judge's report and recommendation on the points of objection made by the Petitioner *de novo*.

*See Maloy v. Apfel*, 163 F.3d 1354 (5th Cir. 1998) (unpublished decision) (noting propriety of

district court's "independent review of the magistrate judge's findings and conclusions"). This

Court's review of the ALJ's decision is by the same standard employed by the magistrate judge,

and which has been prescribed by the Fifth Circuit:

> The federal courts review the Commissioner's denial of social security benefits
> only to ascertain whether (1) the final decision is supported by substantial
> evidence and (2) whether the Commissioner used the proper legal standards to
> evaluate the evidence. *See Brown v. Apfel,* 192 F.3d 492, 496 (5th Cir.1999);

1

> *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995). If the Commissioner's
> findings are supported by substantial evidence, they must be affirmed. *Martinez,*
> 64 F.3d at 173. "Substantial evidence is such relevant evidence as a reasonable
> mind might accept to support a conclusion. It is more than a mere scintilla and
> less than a preponderance." *Ripley v. Chater,* 67 F.3d 552, 555 (5th Cir.1995)
> (internal quotations omitted); *see also Fraga v. Bowen,* 810 F.2d 1296, 1302 (5th
> Cir.1987). The court does not reweigh the evidence in the record, try the issues *de
> novo,* or substitute its judgment for the Commissioner's, even if the evidence
> weighs against the Commissioner's decision. *See Brown,* 192 F.3d at 496.
> "Conflicts in the evidence are for the [Commissioner] and not the courts to
> resolve." *Id.* (quoting *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir.1990)).

*Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). This Court will apply this standard to the

Petitioner's objections made herein.

Petitioner makes three somewhat vague objections to Magistrate Judge Roby's report.

Discerning them as clearly as possible, first Petitioner alleges that Magistrate Roby improperly

relied on the decision of Administrative Law Judge (ALJ) Carl W. Sarett and the vocational

expert Dr. Edward Ryan because that expert did not address "stooping" and because he did not

have Dictionary of Occupational Titles numbers for the various alternative jobs he considered.

Objections at 1-2. Second, the Petitioner claims that Magistrate Roby incorrectly dismissed the

"Chronic Venous Insufficiency" by "stating effectively [was] too old to acknowledge in 2003."

Objections at 3. Third, he alleges that the testimony of vocational expert Dr. Ryan should be

"eliminated based upon inequities including but not limited to apparently not having the DOT (a

book) source information with him at the hearing." Objections at 4. The third objection appears

to be incorporated in his first objection, and this Court will interpret it as such.

### 1.  *First and Third Objections to Dr. Ryan's Testimony*

The Petitioner claims that no DOT numbers were given at the hearing by the expert

witnesses and no DOT books were available at the hearing.  However, the Fifth Circuit has

stated:

> To the extent that there is any implied or indirect conflict between the vocational
> expert's testimony and the DOT in this case, we agree with the majority of the
> circuits that the ALJ may rely upon the vocational expert's testimony provided
> that the record reflects an adequate basis for doing so. As the facts of this case
> demonstrate, all kinds of implicit conflicts are possible and the categorical
> requirements listed in the DOT do not and cannot satisfactorily answer every such
> situation. Moreover, claimants should not be permitted to scan the record for
> implied or unexplained conflicts between the specific testimony of an expert
> witness and the voluminous provisions of the DOT, and then present that conflict
> as reversible error, when the conflict was not deemed sufficient to merit
> adversarial development in the administrative hearing.

*Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000).  Similar to *Carey*, the Petitioner did not

point to any portion of the record that reveals that he objected to this alleged failure to cite DOT

numbers at the hearing, or that a DOT book was not present at the hearing.  In such a case, this

Court must determine "whether there is substantial evidence supporting the Commissioner's

determination that this particular person can do this particular job or group of jobs."  *Id.* at 147.

Magistrate Judge Roby noted that expert Dr. Ryan gave testimony that the Petitioner could

perform various jobs, such as telephone operator or dispatcher, specifically because these jobs

could be performed by a person with the Petitioner's grip strength and low threshold for

continuous walking.  (Tr. at 489-99).

Similarly, the Petitioner failed to make proper objection to the ALJ's alleged failure to

address stooping.  Petitioner alleges that he presented a report by Dr. Pusateri which stated "I

feel [Petitioner] would be an excellent candidate for a job that did not entail any walking, or

Lifting [sic], stooping, bending etc., and it will have to be a job in which the fine manipulative

Movements [sic] with his hands are not necessary."  Objections at 2.  This evidence is the only

evidence that Petitioner cites suggesting that stooping is inappropriate for any occupation of his. Again, Petitioner cannot point to conflicts between experts that were apparently not developed during the hearing and point to such as reversible error.  *Carey*, 230 F.3d at 146-47.  The Petitioner claims that the ALJ "interrupted the cross-examination on this stooping issue," and that there was an allegedly inaudible answer that was "decisive" on the stooping issue. Objections at 2 (citing Tr. 501).  The Court's own review of the transcript does not reveal any sort of "decisive" answer being omitted, suggesting instead that Petitioner's allegations are at best vague and speculative.  In any case, the failure to develop this point is the fault of the Petitioner.  Moreover, there is no evidence that the ALJ failed to properly consider the Petitioner's particular abilities considering that Dr. Ryan noted that the Petitioner would be capable of performing dispatcher, information clerk, gate guard, and telephone operator positions, jobs that all require less than maximum dexterity.  (Tr. at 361).  This Court also notes that the ALJ developed a factual record that Petitioner could perform household activities such as cutting the lawn, cooking meals, and driving a car, as well as playing the bass guitar, which again require at least moderate dexterity.  (Tr. at 193); *see Kraemer v. Sullivan*, 885 F.2d 206, 208-09 (5th Cir. 1989) (holding petitioner's ability to perform daily tasks undermined his disability claim).  The ALJ's decision addresses any claim by the Petitioner that he did not consider the fact that Petitioner has "problems with his hands" (Objections at 4); it seems clear that the ALJ was presented with this argument and credibly was not persuaded by it.  Therefore, the ALJ's decision was indeed supported by substantial evidence on these points of objection.

2. *Second Objection to the Magistrate Judge's Failure to Recognize Petitioner's Chronic Venous Insufficiency*

Petitioner claims that the magistrate judge failed to consider his diagnoses with chronic venous insufficiency because the magistrate judge alleged believed "it is too old to acknowledge in 2003." Objections at 3. This objection appears to be to Magistrate Judge Roby's finding that Dr. John F. Nitsche, an expert in rheumatology, testified that the Petitioner did not suffer from chronic venous insufficiency in 2003, while he did suffer from it in 1996.

This Court has no reason to disturb the ALJ's findings on this point. The Court first notes that these findings were made after this Court ordered that the ALJ allow the Petitioner to cross-examine Dr. Nitsche. *See* Minute Entry, March 1, 2002 (Rec. Doc. 24). A *de novo* review of the transcript shows that Dr. Nitsche did note that the Petitioner apparently suffered from a history of chronic venous insufficiency when Dr. Nitsche examined in him 2003. But, Dr. Nitsche testified that, in 2003, he did not observe any symptoms of chronic venous insufficiency. Moreover, Dr. Nitsche had previously examined Petitioner in 1996, and likewise did not detect any symptoms of chronic venous insufficiency at that time either. (Tr. at 358). "[O]rdinarily the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability." *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994), *quoting Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985). Only when "good cause is shown," such as through "brief and conclusory" opinions by an expert that are "not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence," should the expert testimony of such physicians be disregarded. *Greenspan*, 38 F.3d at 237. Here, the

Petitioner points to no reason why Dr. Nitsche's testimony should be disregarded, and it bears reiterating that this case was remanded solely to allow the Petitioner to develop the record on this point.  Because this Court's review shows that the ALJ's conclusion on this point was supported by substantial evidence, Petitioner's objection shall be denied.

## II.  CONCLUSION

Having reviewed *de novo* Magistrate Judge Roby's Report and Recommendation, and also having reviewed the ALJ's conclusions as to whether they are supported by substantial evidence, it is the conclusion of this Court that the Petitioner's Objections should be denied, and moreover that Magistrate Judge Roby's Report and Recommendation be adopted.  Accordingly,

**IT IS ORDERED** that Magistrate Judge Roby's Report and Recommendations be **ADOPTED** in full; and

**IT IS FURTHER ORDERED** that the Petitioner's Objections are **DENIED** and his claims be **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, on this 27th day of March, 2008.

**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**

6